UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MATTHEW NELSON and
CLAUDIA NELSON,

    Plaintiffs,                                    CASE NO.: 2:19-cv-179-FtM-29MRM

v.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR REMAND TO STATE COURT
AND MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS
AND INCORPORATED MEMORANDUM OF LAW**

**COME NOW** the Plaintiffs, MATTHEW and CLAUDIA NELSON, by and through undersigned counsel, pursuant to 28 U.S.C. § 1447(c), and move this Court for entry of an Order remanding this case back to State Court on the grounds that the Defendant has not properly removed this case from State Court on the basis of diversity jurisdiction, and as grounds therefor state as follows:

1. On or about September 10, 2017, Plaintiffs suffered physical damage to their home as a result of Hurricane Irma.

2. Defendant accepted coverage for the loss but failed to pay the full amount of the benefits sought by the Plaintiffs.

3. On February 13, 2019, Plaintiffs filed a Complaint in the Circuit Court for Collier County, Florida, claiming damages in excess of $15,000.00.

4. Defendant was served on February 22, 2019, and on March 25, 2019, Defendant filed its Notice of Removal to this Court.

5. The basis for removal asserted in Defendant's Notice is diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

6. Plaintiffs concede that Defendant has established diversity of residency as set forth in the statute; however, Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7. Therefore, because Defendant has failed to establish the minimum jurisdictional amount pursuant to 28 U.S.C. § 1332(a), this matter should be remanded back to State Court.

8. Furthermore, Plaintiffs seek an award of attorney's fees and costs associated with this motion to remand and related matters.

9. Counsel for Plaintiffs has conferred with opposing counsel and counsel failed to agree on a resolution of the motion.

## MEMORANDUM OF LAW

In order to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), Defendant must prove that the following requirements are met:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> **(1)** citizens of different States;

The underlying Complaint in this action, which was filed in State Court, is silent as to the specific amount of damages sought. Therefore, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. This burden of proof was discussed in Leonard v. Enterprise Rent-A-Car, 279 F. 3d 967 (11th Cir. 2002):

> A removing defendant bears the burden of proving proper federal judisdiction. Williams v. Best Buy Co., 269 F. 3d 1316, 1319-20 (11th Cir. 2001). Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Tapscott v. MS ealer Serv. Corp., 77 F. 3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by Cohen, 204 F. 3d 1069. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F. 3d at 1319-20. The defendants in this case have failed to carry their burden; all they did was to file the notice of removal with the type of unsupported assumptions we have held to be inadequate.

Federal courts are of limited jurisdiction. The presumption is that a federal court lacks jurisdiction over a particular case until it has been affirmatively demonstrated that jurisdiction over the subject matter exists. Fitzgerald v. Seaboard System Railroad, Inc., 760 F. 2d 1249 (11th Cir. 1985). The Court must construe the removal statutes narrowly and resolve any doubt against removal. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

To determine if the damages exceed the minimum amount in controversy, the Defendant must provide summary-judgment-type evidence. St. Paul Reinsurance Co. v.

Greenberg, 134 F. 3d 1250, 1253 (5th Cir. 1998).  Here, Defendant relies entirely on a confidential global settlement demand sent to defense counsel by Plaintiffs' counsel in an effort to resolve all potential causes of action associated with the insurance claim at issue.

"Although a settlement demand can suffice to show the amount in controversy, it must be supported by evidence that clearly shows that a plaintiff's claim exceeds the jurisdictional amount set forth in the statute 'exclusive of interest and costs.'" Coopersmith v. Scottsdale Ins. Co., 18-cv-23382, 2019 U.S. Dist. LEXIS 44744, *4-5, 2019 WL 1252627 (S.D. Fla. March 19, 2019).  "Where demand letters reflect only 'puffing and posturing without providing specific information to support plaintiff's claim for damages, they do not establish the requisite amount in controversy.'" Id. (quoting Lengyeltoti v. Starbucks Coffee Co., No. 16-CV-60213, 2016 U.S. Dist. LEXIS 195306, 2016 WL 10953065, at *1 (S.D. Fla. May 18, 2016)); see also Boyd v. Northern Trust Co., No. 8:15-cv-2928, 2016 U.S. Dist. LEXIS 19721, 2016 WL 640529 (M.D. Fla. Feb. 18, 2016)) (requiring remand where plaintiff did not attach any additional evidence or documentation supporting the settlement demand).

In this matter, the settlement offer made to opposing counsel went beyond the amount in controversy for the subject claim, and also included an offer to resolve extra-contractual, bad-faith causes of action that could arise in the future.  Nevertheless, in the Notice of Removal, Defendant "cherry picked" the damages associated with the insurance claim and the demand for attorneys' fees from the global offer, and uses this to support the claim for removal.

Although attorneys' fees can be considered as a part of the amount in controversy when attorneys' fees are authorized by statute, such fees must have been incurred at the time of removal. See Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 751 (11th Cir. 2010); Rogatinsky v. Metro. Life Ins. Co., 09-80740-CIV, 2009 WL 3667073, at *2 (S.D. Fla. 2009). Here, the attorney-fee demand upon which Defendant relies is not a demand for fees incurred, but rather is based on the contractual agreement between Plaintiffs and their attorneys. Furthermore, the attorneys' fees demanded encompass not only the fees associated with the breach of contract cause of action alleged in the subject complaint, but also fees associated with the extra-contractual bad-faith cause of action, which is not yet at issue. The demand was made in exchange for a global release of all potential claims associated with the loss at issue. There was no evidence included with the demand in support of Plaintiffs' claim for attorneys' fees. Therefore, the attorney-fee demand relied upon by Defendant is insufficient to support a claim for removal.

Without the demand for attorneys' fees, the damages at issue in this action for breach of contract total only $61,599.34, which is well below the jurisdictional limit for the amount in controversy. Therefore, the demand is not supported by evidence that clearly shows that Plaintiffs' claim exceeds the jurisdictional amount set forth in the statute. Coopersmith v. Scottsdale Ins. Co., 18-cv-23382, 2019 U.S. Dist. LEXIS 44744, *4-5, 2019 WL 1252627 (S.D. Fla. March 19, 2019); Boyd v. Northern Trust Co., No. 8:15-cv-2928, 2016 U.S. Dist. LEXIS 19721, 2016 WL 640529 (M.D. Fla. Feb. 18, 2016). As such, Defendant has failed to meet its burden of establishing by a

preponderance of the evidence that the amount in controversy exceeds $75,000.00. Accordingly, this matter should be remanded to the court in which it originated.

The statute governing the procedure after removal permits a motion for remand to be filed within 30 days and provides further that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The purpose for including a fees-and-costs provision in the removal statute was to deter frivolous efforts at removal. See Gray v. New York Life Ins. Co., 906 F. Supp. (N.D. Ala. 1995).

Here, a cursory examination of the jurisdictional statutes and the relevant facts should have revealed to Defendant that the amount in controversy was insufficient for removal. Therefore, Plaintiffs should be granted an award of reasonable fees in connection with the prosecution of this motion.

WHEREFORE Plaintiffs, MATTHEW and CLAUDIA NELSON, respectfully request that this Court grant their Motion for Remand to State Court and Motion for Attorneys Fees and Costs, and enter an Order remanding this case back to the Twentieth Judicial Circuit Court in and for Collier County, Florida, as well as an order awarding all reasonable fees and costs associated with prosecuting this motion, and provide all such other or further relief as the Court deems just and proper.

## GOOD FAITH CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), I hereby certify that counsel for the movant has conferred with counsel for the Defendant via phone on April 1, 2019, in a good faith effort to resolve the issues, but counsel failed to agreed on a resolution.

/s/ Donna DeVaney Stockham
Donna DeVaney Stockham, Esq.
Florida Bar No. 121088
Kelly A. Fantetti, Esq.
Florida Bar No. 96141
**STOCKHAM LAW GROUP, P.A.**
109 S. Edison Ave.
Tampa, Florida  33606
Telephone:  (813) 867-4455
Facsimile:   (813) 867-4454
Attorneys for Plaintiffs
dstockham@stockhamlawgroup.com
kfantetti@stockhamlawgroup.com
mcassida@stockhamlawgroup.com
agonzalez-abreu@stockhamlawgroup.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing and all attachments have been served upon counsel of record by email to Diane M. Barnes-Reynolds, Esq. at dbarnes@simonreedlaw.com, Rick C. Briggs, Esq. at rbriggs@simonreedlaw.com, dgiacoia@simonreedlaw.com, and sbusciglio@simonreedlaw.com on this 3rd day of April, 2019.

/s/ Donna DeVaney Stockham
Attorney